```
 1

 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                     WESTERN DISTRICT OF MISSOURI
 3                        SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,     ) Case No. 14-03106-24-CR-S-MDH
                                  )
 5           Plaintiff,            ) Springfield, Missouri
                                  ) August 3, 2015
 6  v.                             )
                                  )
 7  GREGORY L. JONES,              )
                                  )
 8           Defendant.            )
    _____)
 9
              TRANSCRIPT OF HEARING ON ARRAIGNMENT, DETENTION
10                    AND SCHEDULING CONFERENCE
                  BEFORE THE HONORABLE DAVID P. RUSH
11                  UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:            Nhan D. Nguyen, Esq.
                                  Assistant United States Attorney
14                                901 St. Louis St., Ste. 500
                                  Springfield, MO  65806
15                                (417) 831-4406

16  For the Defendant:            Arthur W. Duncan, Jr. Esq.
                                  400 South Ave., Ste. 200
17                                Springfield, MO  65801
                                  (417) 720-1244
18
    Court Audio Operator:         Ms. Kerry Schroeppel
19
    Transcribed by:               Rapid Transcript
20                                Lissa C. Whittaker
                                  1001 West 65th Street
21                                Kansas City, MO  64113
                                  (816) 914-3613
22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

1        (Court in Session at 10:07 a.m.)

2        THE COURT: Calling in *United States vs. Gregory Jones*.
3    The defendant appears in person along with his attorney, Mr. Art
4    Duncan. The United States appears by Special Assistant United
5    States Attorney, Mr. Nhan Nguyen, who is appearing on behalf of
6    AUSA Randy Eggert. This matter is set this morning for an
7    arraignment, a detention hearing and scheduling conference in
8    regard to the Second Superseding Indictment that was returned
9    against this defendant on July 22nd of 2015. Mr. Duncan, on
10   behalf of the defendant, have you received a copy of the
11   Indictment in this case?

12        MR. DUNCAN: I have, Your Honor.

13        THE COURT: And do you waive formal reading of the
14   Indictment?

15        MR. DUNCAN: Yes, we do.

16        THE COURT: And how does your client wish to plead?

17        MR. DUNCAN: He pleads not guilty as to all charges.

18        THE COURT: Thank you. Pleas of not guilty are entered
19   on behalf of the defendant, Gregory Jones. On his behalf, Mr.
20   Duncan, will you voluntarily disclose *Jencks* Act material at
21   least 14 days prior to trial?

22        MR. DUNCAN: We will.

23        THE COURT: And are you asking for all discovery to
24   which your client is entitled?

25        MR. DUNCAN: We are.

3

1  THE COURT: Mr. Nguyen, on behalf of the United States,
2 will you also voluntarily disclose all *Jencks* Act material at
3 least 14 days prior to trial?
4  MR. NGUYEN: Yes, Your Honor.
5  THE COURT: And are you asking for all discovery to
6 which the United States is entitled?
7  MR. NGUYEN: Yes, Your Honor.
8  THE COURT: Thank you. I will enter a scheduling order.
9 It's my understanding that this matter is already on the Joint
10 Criminal Trial Docket. I believe it has a special setting
11 perhaps of January of 2016. The additional issue before the
12 Court this morning is the defendant's custody status. In that
13 regard, I would note that the United States has filed a written
14 motion for pretrial detention. The Court will take note of its
15 own file which includes the Indictment that was returned against
16 the defendant, as well as the Pretrial Services Report, which has
17 been provided to both counsel. That report was authored by
18 Roxanna Stone, United States Probation Office. For the record,
19 she is also present in the courtroom for these proceedings. Mr.
20 Nguyen, with that information before the Court, do you have any
21 additional evidence by way of witness or proffer that you want to
22 put on? And I will certainly allow you to make any argument in
23 regard to detention also.
24  MR. NGUYEN: Thank you, Your Honor. By way of proffer,
25 Your Honor, the Government would proffer the testimony of DEA

1  Task Force Officer James Hamilton.  He will testify that this
2  defendant is a large-scale dealer of methamphetamine and has
3  consistently sold or possessed methamphetamine for sale since at
4  least 2013.  And secondly and finally, the defendant has a prior
5  first-degree burglary and forgery conviction out of the state of
6  California in which he was sentenced to 40 months.  In regards to
7  argument, Your Honor, the Government would ask that the defendant
8  be detained based on the Pretrial Services Report recommendation.
9  And we would ask this because of the nature of the crime, the
10 fact that the defendant has a bipolar diagnosis, the fact that
11 the defendant has a substance abuse history, and that he has a
12 prior absconding -- and that he has prior abscondings.  And
13 that's why we would ask that he be detained.  Thank you, Your
14 Honor.
15         THE COURT:  All right.  Thank you, Mr. Nguyen.  Mr.
16 Duncan, do you have any additional or any evidence that you want
17 to put on by way of witness or proffer?  And then I will, of
18 course, allow you the opportunity to make any argument in regard
19 to the issue of detention.
20         MR. DUNCAN:  Judge, nothing in the way of proffer or
21 evidence, just merely argument.
22         THE COURT:  All right.  You may proceed.
23         MR. DUNCAN:  Judge, a couple of the things that are
24 noted in the Pretrial Services Report from the Probation Office
25 are the mitigating factors.  In speaking with Mr. Jones's wife

prior to the hearing, she is able to offer a stable home plan. And Mr. Jones actually is employed and works for the family business, so he does have those two things as far as stability. His wife is also willing to act as his third-party custodian. And in addition to her acting as custodian, Mr. Jones is still currently on probation. He has a probation officer here in Springfield, Mr. Peterson, who he has been reporting to for quite some time in relation to his, I believe his offense in Indiana. I believe, from speaking with Mrs. Jones, it is Mr. Peterson's intention to release him from probation by September 5, which I believe is the expiration date. What I would propose is that since we have that monitoring, not only with Mrs. Jones, but with Mr. Peterson, that somehow we could coordinate efforts between the two of them to keep him on extended probation, add some kind of ankle monitor so that we know exactly where he's at, keep him busy doing work and hopefully get him on some sort of in-patient -- a list for in-patient treatment services. If that is the danger that he poses and that's the service that he needs to move away from the allegations, I think that that should be the priority, some in-patient treatment. And I don't see that he has successfully completed a program in this report, although I think he has attempted treatment prior. And when we go back and look at the allegations of substance abuse, you can see he has a troubled past. He lost his mother and his father. The mental health diagnoses probably arise from that. Substance abuse ties

1  into that as far as dual diagnosis.  Your Honor, I would suggest
2  that instead of him being detained without any kind of treatment,
3  that he be released, that he be subject to continuing monitoring
4  by the U.S. Attorney's Office and/or Missouri Probation and
5  Parole, that he be selected for in-patient treatment for dual
6  diagnosis.
7      THE COURT:  All right.  Thank you, Mr. Duncan.  Well, I
8  will take the matter as submitted on the record and will reach a
9  decision promptly on the issue of detention.  Is there anything
10 further by either side?
11     MR. NGUYEN:  No, Your Honor.  Thank you, sir.
12     MR. DUNCAN:  Nothing further.
13     THE COURT:  All right.  With that, we'll be in recess.
14 Thank you.
15          (Court Adjourned at 10:13 a.m.)

7

         I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
above-entitled matter.


         /s/ Lissa C. Whittaker          November 4, 2015
         Signature of transcriber             Date